UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLE GOLDBERG and MICHAEL GOLDBERG, <br><br> Plaintiffs, <br><br> v. <br><br> TEN BRIDGES, LLC, an Oregon Limited Liability Company, <br><br> Defendant. | Case No. C18-1227RSM <br><br> ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiffs Nicole and Michael Goldberg's Motion for Preliminary Injunction. Dkt #8. Defendant Ten Bridges, LLC, opposes. Dkt. #13.

To obtain a preliminary injunction, the moving party must show (1) "he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). "'[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION - 1

interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "Plaintiffs must establish that irreparable harm is likely, not just possible." *Id*. at 1131.

The parties present substantial evidence and argument on the likelihood of success on the merits, but almost none on the issue of irreparable harm. The Court need not rule on the facts and law of the parties' underlying claims at this early juncture. Instead, the Court will focus on whether a preliminary injunction is needed to avoid irreparable harm.

The Goldbergs seek an injunction prohibiting the distribution of $152,035.77 in surplus proceeds from a state court foreclosure action to Ten Bridges, pending final resolution of this case. Dkt. #8 at 2. The funds are currently being held in the King County Superior Court registry. *Id*. at 3. The money comes from the sale of the Goldberg's brother's house. Ten Bridges is a company that contacts individuals and purchases the rights to surplus proceeds; here Ten Bridges purchased such rights from the Goldbergs for $10,000. *See* Dkts. #8 and #13. The Goldbergs allege Ten Bridges violated the Washington Consumer Protection Act and other laws, and that they were deceived into selling their rights. *See* Dkt. #1-1.

The Goldbergs argue this Court should preserve the status quo and "restrain Ten Bridges from further harming the Plaintiffs during the pendency of this litigation." Dkt. #8 at 13–14 (citing *Rabon v. City of Seattle*, 135 Wn.2d 278, 284, 957 P.2d 621 (1998)). However, the only harm would be the distribution of the funds held in the Court registry.

*Rabon* cites the standard for a preliminary injunction in Washington State courts, not in a federal court—here, a likelihood of *irreparable* harm is required. The Goldbergs state, "given the nature of Ten Bridges' deceptions and underhanded business practices, there is guarantee [sic] of Ten Bridges solvency either now or in the future; Plaintiffs would not simply or inexpensively be able to recover damages from Ten Bridges later if the Surplus Proceeds are

disbursed to Ten Bridges now." *Id*. at 15. The Goldbergs present other evidence and arguments about Ten Bridges' alleged "deceptions and underhanded business practices," but no other evidence as to its solvency.

In Response, Ten Bridges states that "it is not insolvent," and that it "typically keeps hundreds of thousands of dollars in funds in its bank accounts at any given time, and it also owns valuable real property in Washington that is within this judicial district." Dkt. #13 at 11–12. Ten Bridges references specific properties by their addresses. *Id*.

On Reply, the Goldbergs state that "[e]ven if the Defendant is solvent, as it claims, as this Court no doubt is aware, there is a far greater burden in trying to collect on a judgment from a recalcitrant judgment debtor than in obtaining, with a court order, surplus funds that already have been deposited in the court registry." Dkt. #19 at 4. The Goldbergs argue that collecting on a judgment from real property entails substantial risks and expenses. *Id*. at 4–5. The Goldbergs then assert that because Ten Bridges is "a predatory real estate investment business," it "cannot be relied upon to satisfy a judgment in favor of Plaintiffs." *Id*. at 5.

The burden is on the Goldbergs to demonstrate a likelihood of irreparable harm, among the other elements required for this type of Motion. It is insufficient for the Goldbergs to argue that it would be inconvenient to collect on a judgment. As the Court sees it, they present no evidence as to Ten Bridges' insolvency. Ten Bridges does not need to prove that it is solvent. The Goldbergs' speculate that it would be difficult to obtain relief if Ten Bridges were forced to sell real estate, however the Court has no reason to believe that Ten Bridges would not have the liquid assets in its bank account to pay a judgment in this case, especially after these funds are disbursed. The Goldbergs' arguments and evidence as to the trustworthiness of Ten Bridges is tangential to a showing of irreparable harm. The Court will not rule at this early stage that Ten

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION - 3

Bridges is so deceptive or untrustworthy that it cannot be relied on to satisfy a judgment. Without any basis for the Court to find a probability, much less a likelihood, of irreparable harm, the Court cannot grant this Motion. *See Alliance for Wild Rockies, supra.*

Having considered Plaintiff's Motion, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that the Goldbergs' Motion for Preliminary Injunction, Dkt #8, is DENIED.

DATED this 18 day of December, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION - 4